Joseph Jiudice, J.
By order of Honorable Joseph F. Hawkins dated September 30, 1975, the attorneys for the plaintiff and the attorneys for Hartford Accident and Indemnity Company, one of the defendants herein, have stipulated in writing that the decision of Justice Hawkins dated June 10, 1975, be vacated and the court so orders. The attorneys further stipulated that the plaintiff’s motion for summary judgment and the defendant’s cross motion for leave to amend their answer together with the defendant’s cross motion for summary judgment, be determined by this court on the merits.
There is no dispute as to the facts in this case. The plaintiff was a passenger in an automobile owned and operated by one Susie Dalrymple, and insured of the defendant, Hartford Accident and Indemnity Company. As a result of a collision with another automobile, the plaintiff herein sustained personal injuries which required immediate medical relief. As a result of the injuries sustained, the plaintiff incurred certain medical expenses for hospitalization and physician care.
The plaintiff subsequently commenced this action in which she is attempting to be reimbursed for her medical expenses *1045 based upon the policy of liability insurance issued by the defendant, Hartford Accident and Indemnity Company, which insured Susie Dalrymple. The policy contained a provision that the insurance company agreed to pay in addition to the applicable limits of liability, expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an accident involving the automobile insured under the policy of insurance.
The plaintiff now moves for summary judgment on the basis that there is no question of fact and that there is no defense to the cause of action set forth in her complaint.
The defendant Hartford cross-moves to amend its complaint to include an affirmative defense setting forth a general release which was executed by the plaintiff releasing the defendants’ insured as a result of the settlement of the negligence action. The release, however, by its terms, only released the defendants’ insured and had no effect as to the plaintiff’s claim against any other person or corporation.
The defendant Hartford then moved for summary judgment dismissing the plaintiff’s complaint on the ground that the plaintiff is not a real party in interest and had no right to maintain this action.
There is no question of fact in dispute in this case, and the court is asked to interpret as a matter of law a provision in the insurance policy issued by the defendant Hartford to its insured. The plaintiff is seeking to recover against the defendant Hartford, under subdivision 3 of paragraph II, of the policy, entitled "Defense, Settlement, Supplementary Payment”. Subdivision 3 provides as follows: "[The company] shall pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.”
It is the contention of the plaintiff that the provision of the policy, as aforesaid, was made for the benefit of the plaintiff in that she is a member of that class of "others” referred to in the policy provision. She claims that as soon as her injuries occurred in the accident giving rise to the immediate and imperative need for medical and surgical attention, her rights under the policy accrued and she, therefore, is a third-party beneficiary of the insurance contract under the principle of Lawrence v Fox (20 NY 268).
The plaintiff also relies on the case Laidlaw v Hartford Acc. and Ind. Co. (254 NY 391). That case, however, differed with *1046 the instant case in that the plaintiff therein was the defendant’s insured and had paid for expenses incurred for the immediate medical and surgical attention of a third party. The plaintiff in that case then sought reimbursement from its insurance carrier for these expenses under the policy. The court held that the obligations incurred by the plaintiff therein came within the provisions of the policy permitting such immediate medical and surgical care as was imperative at the time of the accident.
The clause, above referred to, which the plaintiff relies on, must be read in conjunction with all of the other paragraphs contained in that portion of the insurance policy entitled "Defense, Settlement, Supplementary Payments”. Supplementary payments as used in an automobile liability policy are those payments which are to be made by an insurance company to reimburse an insured named in the policy for certain out-of-pocket expenses incurred by the insured. This is the purpose of a supplementary payments provision in an insurance policy. Had the defendant’s insured, for example, after the accident, paid the expenses of the plaintiff herein for emergency treatment or for immediate medical and surgical relief, then, and in that event, the defendant’s insured would have a right to seek reimbursement from the defendant under the supplementary payments provision.
The provision relied on by the plaintiff is not intended to inure to the benefit of a third party, but can only be put into effect should an insured under the policy incur expenses first. That is the purpose and intent of that provision, and is also the reasoning behind the decision in Laidlaw v Hartford Acc. and Ind. Co. (254 NY 391, supra), relied upon by the plaintiff.
If the defendant’s insured had incurred expenses pursuant to subdivision 3 of the policy, she would have been entitled to bring this action against the defendant Hartford. The plaintiff in this action has no standing nor right of action against the defendant insurance company under the terms of the policy, as aforesaid.
Accordingly, the court denies the plaintiff’s motion for summary judgment and grants the motion of the defendant Hartford Accident and Indemnity Company for summary judgment dismissing plaintiff’s complaint as to it. In view of this decision, the court makes no disposition as to the defendant’s motion to serve an amended answer as the question is moot.