JERRY L. BLAKE v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY

No. 7810SC123

(Filed 7 November 1978)

**Insurance § 149— liability insurance—attorney fees in attempt to retain job**

A liability policy which required the insurer to pay any claims made against the insured school superintendent for amounts he is legally obligated to pay (including attorney fees necessary for defense of such claims) as the result of his negligence or breach of duty did not provide coverage for attorney fees incurred by the insured in attempting to retain his position as superintendent after the school board had rescinded a prior decision to reemploy plaintiff and in defending a counterclaim by the school board to recover amounts paid by the board pursuant to a stay order pending final outcome of the litigation.

APPEAL by plaintiff from *Bailey, Judge*. Judgment entered 30 November 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 26 October 1978.

Plaintiff was Superintendent of the Currituck County Schools. He was an insured under a Board of Education Liability Insurance policy issued by the defendant. On 5 May 1975, the Currituck County Board of Education (hereinafter "Board") reelected

plaintiff as Superintendent for another two-year term. He took the oath of office on 1 July 1975. On 16 July 1975, the Board rescinded its action of 5 May 1975 and refused to enter into an employment contract with plaintiff. On 17 July 1975, plaintiff retained counsel and filed a petition for review of the Board's action pursuant to G.S. 143-306. The Board answered and counterclaimed. This litigation was settled by consent 25 February 1976. It was stipulated that during the course of this litigation plaintiff incurred attorney fees in the amount of $7,156.99. Plaintiff seeks to recover these attorney fees under the policy in question. By consent, this case was tried without a jury. The trial judge found facts, conclusions of law, and entered judgment for the defendant. Plaintiff appealed.

*Sanford, Cannon, Adams & McCullough, by Robert W. Spearman and Charles C. Meeker, for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell, by Henry A. Mitchell, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiff only excepts to the conclusion of law by the trial judge that plaintiff's alleged damages are not covered by the insurance policy and to the court's judgment for the defendant.

This appeal raises for consideration the following provisions of the policy:

I. COVERAGE

This Policy shall, subject to its terms, conditions and limitations, pay on behalf of:

. . . .

B. INSUREDS' LIABILITY — The Insureds as defined in Insuring Agreement IIB because of any claim(s) made against

them, jointly or severally, for "Loss" as defined in Condition I and caused by any negligent act, any error, any omission or any breach of duty while acting in their capacity as such or any matter claimed against them solely by reason of their being Insureds.

. . . .

1. LOSS

The term "Loss" shall mean:

. . . .

B. Under Insuring Agreement IB, any amount the Insured is obligated to pay as respects his legal liability, whether actual or asserted, for any negligent act, any error, any omission or any breach of duty, and, subject to the applicable limits and terms of this Policy, shall include damages, judgments, settlements, cost of investigation (excluding salaries of officers or employees of the School District or any other governmental body or income of School Board members) and costs, charges and expenses incurred in the defense of actions, suits or proceedings and appeals therefrom.

Any uncertainty or ambiguity in the meaning of the words used in the policy must be resolved in favor of the insured and against the company. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970). The policy must not be construed piecemeal as the purpose is to determine the intent of the parties. The contract must be examined as a whole. The construction of the policy must not be strained, arbitrary, unnatural, or forced, but rather it should be reasonable, logical, and practical, having reference to the risks and purposes of the entire contract. 1 Couch on Insurance, 2d Edition, §§ 15.10-.17 (1959); *Lineberry v. Trust Co.*, 238 N.C. 264, 77 S.E. 2d 652 (1953).

With these rules of construction of insurance policies in mind, we hold plaintiff's alleged attorney fees are not covered by the insurance policy in question. It is not necessary for us to rewrite or

restate the policy to arrive at this decision. The parties intended, with respect to the above provisions of the policy, that the company pay any claims made against Blake for amounts he is legally obligated to pay (including attorney fees necessary for defense of such claims) as the result of his negligence or breach of duty.

The Board's action of 16 July 1975 rescinding its decision to employ plaintiff was not a "claim against plaintiff" within the meaning of the policy. Plaintiff's attorney fees were not incurred defending a claim against plaintiff. Plaintiff states in his brief that he retained counsel after the 16 July 1975 meeting of the Board and that he did so to obtain judicial review of this action. His attorney fees were incurred in an attempt to retain his position as superintendent and to pursue a civil rights action under 42 U.S.C. § 1983 against the Board.

The counterclaim filed by the Board merely sought to recover those amounts paid by the Board pursuant to the stay order of the trial court pending the final outcome of the litigation. It was not based upon any actions of the plaintiff and only directed to plaintiff because he received the payments ordered by the court. Therefore, any attorney fees plaintiff incurred with respect to this action by the Board fall without the terms of the policy.

Plaintiff's assignments of error are overruled.

Affirmed.

Judges CLARK and WEBB concur.