LeLAND DeMENT, Plaintiff v. NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant

No. COA00-169

(Filed 3 April 2001)

**1. Insurance—     automobile—supplementary     payments clause—emergency first aid—application to third party**

The trial court should have entered a judgment on the pleadings for defendant in a declaratory judgment action to define plaintiff's rights under an insurance policy where plaintiff was in an accident with a driver insured by defendant, plaintiff received on-site first aid from emergency medical technicians and further emergency medical care at a hospital, and plaintiff sought to recover under a supplementary payments clause in the driver's liability policy that referred to expenses for emergency first aid. Plaintiff is without standing as a third-party beneficiary and the supplementary payment clause is not triggered unless the insured becomes responsible for expenses for emergency first aid to others. Since nothing on the face of the pleadings shows that the insured incurred any expenses for plaintiff's first aid treatment, judgment on the pleadings was appropriate.

DeMENT v. NATIONWIDE MUT. INS. CO.

[142 N.C. App. 598 (2001)]

**2. Pleadings— Rule 11 sanctions—case of first impression**

The trial court did not err by denying a motion for Rule 11 sanctions in a declaratory judgment action to interpret an insurance policy where there was no evidence to support a conclusion that sanctions were appropriate under the legal insufficiency or improper purpose standard and the issue raised in the complaint was one of first impression.

**3. Appeal and Error— assignments of error—statute not mentioned**

Defendant did not preserve for appellate review the issue of whether the trial court should have awarded sanctions under N.C.G.S. § 6-21 where defendant made no reference to that statute in any assignment of error.

Appeal by defendant from order entered 10 November 1999 by Judge L. Todd Burke in Superior Court, Guilford County. Heard in the Court of Appeals 11 January 2001.

*Donaldson & Black, P.A., by Rachel Scott Decker, for plaintiff-appellee.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Kenneth B. Rotenstreich and Paul A. Daniels, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Leland DeMent ("plaintiff") brought this action for a declaratory judgment defining his rights under the "Supplementary Payments" clause of an insurance policy issued by Nationwide Mutual Insurance Company ("defendant") to Paula Keene, the driver of an automobile involved in an accident with plaintiff's vehicle. Defendant moved to dismiss the action and for judgment on the pleadings alleging, *inter alia*: (1) failure to state a claim upon which relief may be granted; (2) lack of a justiciable issue or genuine controversy; (3) failure to join the real party in interest; (4) lack of standing and/or privity of contract; and (5) absence of ripeness. Following a hearing, the trial court denied the motions, and defendant appeals.

The averments in plaintiff's complaint show that on 23 April 1998, while operating her vehicle along Rural Paved Road 2370 in Rowan County, North Carolina, Paula Keene failed to heed a stop sign and collided with plaintiff's vehicle. As a result of the collision, plaintiff sustained severe bodily injuries. Emergency medical technicians

DeMENT v. NATIONWIDE MUT. INS. CO.

[142 N.C. App. 598 (2001)]

responding to the accident administered on-site first aid to plaintiff. Plaintiff was then airlifted to North Carolina Baptist Hospital, where he received further urgent medical treatment. Plaintiff incurred significant medical expenses as a consequence of his emergency medical care.

Keene had a motor vehicle liability insurance policy with defendant, which policy was in full force and effect at the time of the accident. Under the "Supplementary Payments" clause of the "Liability Coverage" section of the policy, defendant agreed that "[i]n addition to [its] limit of liability, . . . [it would] pay on behalf of an **insured**: . . . Expenses for emergency first aid to others at an accident involving any auto covered by this policy." Pursuant to this provision, plaintiff requested that defendant pay his emergency medical expenses. Defendant refused, and plaintiff filed the present action seeking a judicial declaration of his rights under the policy provision.

---

[1] On appeal, defendant argues that the trial court erred in denying its motion for judgment on the pleadings. Defendant contends that because plaintiff was a stranger to its insurance contract with Keene, plaintiff lacked standing to seek a declaratory judgment construing the policy provisions. We must agree.

Judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure is a method by which the trial court may dispose of a claim when it is evident from the face of the pleadings that the claim lacks merit. *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 134 N.C. App. 65, 67, 516 S.E.2d 911, 913 (1999), *aff'd in part as modified*, 351 N.C. 589, 528 S.E.2d 568 (2000). In ruling on a motion for judgment on the pleadings, the court must examine all facts and permissible inferences therefrom in the light most beneficial to the party opposing the motion. *Id.* at 67-68, 516 S.E.2d at 913. Additionally, all well-pleaded factual allegations of the non-moving party are accepted as true. *Id.* at 68, 516 S.E.2d at 913. Judgment on the pleadings is an expedient disposition where the court concludes that all genuine material issues of fact are resolved in the pleadings and that the moving party is entitled to judgment as a matter of law. *Cash v. State Farm Mut. Auto. Ins. Co.*, 137 N.C. App. 192, 528 S.E.2d 372, *affirmed*, 353 N.C. 257, 538 S.E.2d 569 (2000).

An action for declaratory judgment pursuant to section 1-253 of the General Statutes is designed to achieve a swift determination of "the rights, duties, and liabilities of parties in situations usually

involving an issue of law or the construction of a document where the facts involved are largely undisputed." *Hobson Construction Co. v. Great American Ins. Co.*, 71 N.C. App. 586, 588, 322 S.E.2d 632, 634 (1984). Before a declaratory judgment can be had, however, there must exist "a real controversy of a justiciable nature" between the parties. *Id.* at 589, 322 S.E.2d at 634 (citation omitted). As to what persons are entitled to declaratory relief, section 1-254 of the General Statutes sets forth the following criteria:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a . . . contract or franchise, may have determined any question of construction or validity arising under the instrument, . . . contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

N.C. Gen. Stat. § 1-254 (1999). Thus, standing to seek a declaration as to the extent of coverage under an insurance policy requires that the party seeking relief have an enforceable contractual right under the insurance agreement. *Terrell v. Lawyers Mut. Liab. Ins. Co.*, 131 N.C. App. 655, 507 S.E.2d 923 (1998). Whether such a right exists depends on the intent of the contracting parties. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 329 N.C. 646, 407 S.E.2d 178 (1991).

Our courts have established several rules pertaining to the construction of insurance policies, the most rudimentary being that the language of the policy controls its interpretation. *Nationwide Mutual Ins. Co. v. Mabe*, 115 N.C. App. 193, 198, 444 S.E.2d 664, 667 (1994), *affirmed*, 342 N.C. 482, 467 S.E.2d 34 (1996). "The various terms of an insurance policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect." *Cone Mills Corp. v. Allstate Ins. Co.*, 114 N.C. App. 684, 690, 443 S.E.2d 357, 361 (1994), *disc. review improvidently allowed*, 340 N.C. 353, 457 S.E.2d 300 (1995). Furthermore,

> "Where the language of a contract is plain and unambiguous, construction of the agreement is a matter of law; and the court may not ignore or delete any of its provisions, nor insert words into it, but must construe the contract as written, in light of the undisputed evidence as to the custom, usage and meaning of its terms."

*Id.* (quoting *First Citizens Bank & Trust Co. v. McLamb*, 112 N.C. App. 645, 649-50, 439 S.E.2d 166, 169 (1993)). Since the objective of construing an insurance policy is to ascertain the intent of the parties, the courts should resist piecemeal constructions and should, instead, examine each provision in the context of the policy as a whole. *Blake v. Insurance Co.*, 38 N.C. App. 555, 557, 248 S.E.2d 388, 390 (1978).

The motor vehicle liability policy issued to Keene by defendant contains the following relevant provisions:

### Part B—Liability Coverage

### Insuring Agreement

We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the insured. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.

. . . .

### Supplementary Payments

In addition to our limit of liability, we will pay on behalf of an insured:

. . . .

5. Expenses for emergency first aid to others at an accident involving any auto covered by this policy.

Plaintiff takes the position that pursuant to the emergency first aid provision, he may proceed directly against defendant for payment of the emergency medical expenses he incurred as a result of the collision involving defendant's insured. Plaintiff contends that as an emergency first aid recipient, he falls squarely within the class of persons whom the provision was intended to benefit. Therefore, plaintiff claims to have an enforceable contractual right as a third-party beneficiary of the Keene policy, which right confers standing in him to seek declaratory relief. No North Carolina decision address-

ing this specific issue has come to our attention. However, in other jurisdictions, courts have interpreted similar first aid provisions as inuring to the benefit of the insured, and thus, bestowing no rights on third parties.

In *Dalrymple v. Lumbermens Mut. Cas. Ins. Co.*, 380 N.Y.S.2d 900 (1976), the plaintiff sustained personal injuries in a collision involving an automobile insured by the defendant. Plaintiff required immediate medical treatment following the accident and incurred medical expenses related thereto. The policy issued to the defendant's insured contained a supplementary payments provision, under which the defendant agreed to "pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident." *Id.* at 902. Based on this provision, the plaintiff filed an action against the defendant to recover payment of her medical expenses. The plaintiff argued "that she [was] a member of that class of 'others' referred to in the policy provision," and thus, was a third-party beneficiary of the insurance agreement. *Id.* The Supreme Court of New York, however, rejected the plaintiff's argument, reasoning as follows:

> The clause, above referred to, which the plaintiff relies on, must be read in conjunction with all of the other paragraphs contained in that portion of the insurance policy entitled "Defense, Settlement, Supplementary Payments[."] Supplementary payments as used in an automobile liability policy are those payments which are to be made by an insurance company to reimburse an insured named in the policy for certain out-of-pocket expenses incurred by the insured. This is the purpose of a supplementary payments provision in an insurance policy. Had the defendant's insured, for example, after the accident, paid the expenses of the plaintiff herein for emergency treatment or for immediate medical and surgical relief, then, and in that event, the defendant's insured would have a right to seek reimbursement from the defendant under the supplementary payments provision.

*Id.* at 903. The court further concluded that the parties did not intend the first aid provision to create any actionable right in a third party, but intended that the provision operate exclusively to the benefit of the insured. *Id.* Accordingly, the court held that the plaintiff lacked standing to proceed directly against the insurance company under the terms of the policy. *Id.*

In *Vega v. State Farm Auto. Ins. Co.*, 401 So.2d 368 (La. Ct. App. 1981), the plaintiff filed an action against the defendant and his insurance company for personal injuries arising out of a head-on collision. The plaintiff argued that he was entitled to recover the amounts he expended for his wife's medical care under the supplementary payments provision of the defendant's liability insurance policy. The provision stated that the insurer would "pay, in addition to the applicable limits of liability: . . . (c) Expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an accident involving an automobile insured hereunder and not due to war." *Id.* at 374. The plaintiff took the position that the first aid clause was "a stipulation pour autri or a stipulation in favor of a third person." *Id.* The Louisiana Court of Appeals disagreed, stating that "th[e] clause, otherwise known as the 'good samaritan' clause, [was] designed to reimburse an insured for expenses incurred on behalf of another party who does not qualify as an insured under the policy contract." *Id.* Hence, the court concluded that the plaintiff had no right of recovery under the supplementary payments provision. *Id.*

In the case currently before us, the supplementary payments clause contained in the Keene policy set forth defendant's agreement to "pay **on behalf of an insured** . . . [e]xpenses for emergency first aid to others." (Emphasis added.) Although this language varies slightly from that used in the *Dalrymple* and *Vega* policies, we are of the opinion that those decisions lend some guidance as to the purpose and effect of the provision at issue here.

First, we note that in North Carolina, a person may bring an action to enforce a contract to which he is not a party, if he demonstrates that the contracting parties intended primarily and directly to benefit him or the class of persons to which he belongs. *Chemical Realty Corp. v. Home Fed'l Savings & Loan*, 84 N.C. App. 27, 33, 351 S.E.2d 786, 790 (1987). The intent of the parties is ascertained "by construction of the 'terms of the contract as a whole, construed in the light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish.' " *Id.* at 34, 351 S.E.2d at 790 (quoting *Lane v. Surety Co.*, 48 N.C. App. 634, 639, 269 S.E.2d 711, 714-15 (1980), *disc. review denied*, 302 N.C. 219, 276 S.E.2d 916 (1981)). Furthermore, " '[w]hen a third person seeks enforcement of a contract made between other parties, the contract must be construed strictly against the party seeking enforcement.' " *Id.* at 34, 351 S.E.2d at 791 (quoting *Lane*, 48 N.C. App. at 638, 276 S.E.2d at 714).

Critical to our understanding of whether it was the parties' intent to confer a direct benefit on first aid recipients is the declaration that payment of such expenses would be made "on behalf of an insured." Giving ordinary meaning to the phrase, we regard action taken "on behalf of" a person as that done "in the interest of," "[f]or the benefit of," or "[a]s the agent of" that person. *See The American Heritage Dictionary* 77 (3rd ed. 1994). Therefore, we conclude that defendant's obligation of an insurer to pay first aid medical expenses "on behalf of any insured" flows primarily and directly to the insured. Because the benefit running to plaintiff by reason of the provision is merely incidental, he is without standing as a third-party beneficiary to seek enforcement of the covenant or a declaratory judgment as to its terms. *See Terrell*, 131 N.C. App. at 660, 507 S.E.2d at 926.

We believe that like the "good samaritan" clauses interpreted by the courts in *Dalrymple* and *Vega*, the supplementary payment clause is not triggered unless and until the insured becomes responsible, whether legally or gratuitously, for "[e]xpenses for emergency first aid to others." Only then can payment of the expenses be made "on behalf of the insured." Since nothing on the face of the pleadings shows that Keene incurred any expenses for plaintiff's first aid treatment, judgment on the pleadings in favor of defendant was appropriate. Accordingly, we reverse the denial of defendant's motion and remand this matter to the trial court for entry of judgment on the pleadings.

[2] Defendant next argues that the court erroneously denied its motion for sanctions under Rule 11 of the North Carolina Rules of Civil Procedure, on the ground that plaintiff's complaint was legally insufficient and was brought for an improper purpose. We disagree.

In pertinent part, Rule 11(a) of our Rules of Civil Procedure provides as follows:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a plead-

ing, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction[.]

N.C. Gen. Stat. § 1A-1, Rule 11(a) (1999). The trial court's decision to deny a motion for mandatory sanctions under Rule 11 is reviewable *de novo. Scholar Business Assocs., Inc. v. Davis*, 138 N.C. App. 298, 531 S.E.2d 236 (2000). On review, the court must determine: "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Twaddell v. Anderson*, 136 N.C. App. 56, 70, 523 S.E.2d 710, 720 (1999) (quoting *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)), *disc. review denied*, 351 N.C. 480, 543 S.E.2d 510 (2000). If the trial court makes no factual findings or legal conclusions concerning a Rule 11 motion for sanctions, remand is necessary, unless " 'there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper.' " *Scholar Business*, 138 N.C. App. at 304, 531 S.E.2d at 240 (quoting *McClerin v. R-M Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995)).

Having reviewed the record in its entirety, we find no evidence to support a conclusion that sanctions under Rule 11 are appropriate on either the "legal insufficiency" or "improper purpose" standard. Moreover, we stated in our analysis that the issue raised by plaintiff's complaint was one of first impression in this State. Therefore, we conclude that the trial court committed no error in denying defendant's motion for sanctions.

[3] As to defendant's argument that the court should have awarded sanctions pursuant to section 6-21.5 of the General Statutes, we note that defendant made no reference to this statute in any of the assignments of error appearing in the record on appeal. Accordingly, defendant has not preserved this argument for our review. *See* N.C.R. App. P. 10(c)(1) (requiring assignments of error in the record on appeal to "state plainly, concisely and without argumentation the legal basis upon which error is assigned"). Further, in view of our determination that the trial court should have awarded judgment on the pleadings in favor of defendant, we need not consider the balance of defendant's arguments on appeal.

In conformity with the reasoning expressed herein, the judgment of the trial court is reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.

Reversed in part, affirmed in part, and remanded.

Judges MARTIN and THOMAS concur.