OPINION
Plaintiffs-appellants, Devin Carr, et al., appeal a decision of the Butler County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Michigan Mutual Insurance Company, a.k.a. Amerisure Companies. We affirm the decision of the trial court.
On October 29, 1998, Devin Carr was standing in front of his home, off the roadway, when he was struck by an automobile driven by Leaton Issacs. Devin sustained injuries. His parents, David and Deanna Carr, were insured by defendant-appellee, State Farm Insurance Company. David also had in his possession a vehicle owned by his employer, Water Ink Technologies, a North Carolina corporation. This vehicle was insured by a commercial automobile policy issued by Amerisure, which included uninsured/underinsured ("UM/UIM") motorist coverage. Water Ink Technologies was also insured under an umbrella policy issued by Michigan Mutual. This policy provided excess liability coverage, but did not specifically provide UM/UIM coverage. Appellants filed suit seeking a declaration that they were entitled to UM/UIM motorist coverage under both the Amerisure and Michigan Mutual policies.
Both appellants and Michigan Mutual/Amerisure moved for summary judgment. They stipulated to the following facts:
 1. On or about October 29, 1988, plaintiff Devin Carr, a minor, was standing in front of his residence at 2190 Minton Road, Hanover Township, Butler County, Ohio.
 2. Devin Carr's date of birth was November 23, 1986.
 3. David Carr is Devin Carr's father and natural guardian.
 4. Deanna Carr is Devin Carr's mother and natural guardian.
 5. Plaintiffs have alleged that on or about October 29, 1998, Leaton Isaacs negligently operated a motor vehicle, and struck Devin Carr while he was standing off the roadway.
 6. Plaintiffs have alleged that as a direct and proximate result of Leaton Isaac's negligence, Devin Carr sustained bodily injuries.
 7. On or about October 29, 1998, David Carr was employed by Water Ink Technologies, Inc., P.O. Box 10, Lincolnton, N.C. 28093, a North Carolina corporation, whose principal place of business was, and is, in North Carolina. David Carr worked for Water Ink Technologies, Inc. in Ohio, and several other states.
 8. On or about October 29, 1998, David Carr had in his possession a 1996 Dodge Intrepid motor vehicle owned by his employer, Water Ink Technologies, Inc., which his employer provided to David Carr for use as a company car, to perform his employment duties for Water Ink Technologies, Inc. David Carr was permitted by his employer to use this vehicle for his personal business. This motor vehicle was principally kept by David Carr at his residence in the state of Ohio.
 9. Plaintiffs David Carr and Deanna Carr purchased an auto insurance policy from State Farm Insurance Company, which identified thereon other motor vehicles owned by them, but did not identify the 1996 Dodge Intrepid owned by Water Ink Technologies, Inc.
 10. Amerisure Insurance Company ("Amerisure") is a Michigan corporation, with its principal place of business in Farmington Hills, Michigan.
 11. Amerisure policy number CA-1059900-0098, a commercial auto liability policy, was issued by Amerisure, from its office located at 301 South McCullough Drive, P.O. Box 560769, Charlotte, North Carolina 28256-0769, to Water Ink Technologies, Inc., P.O. Box 10, Lincolnton, North Carolina 28093, with an issuance date of March 1, 1998, and was in effect until March 1, 1999. A true and accurate copy of this insurance policy is attached to the answer of defendant Michigan Mutual Insurance Company ("Michigan Mutual") as Exhibit 1.
 12. The insurance agent of Amerisure who sold Amerisure policy number CA-1059900-0098 to Water Ink Technologies, Inc., was, and is, located in North Carolina.
 13. Amerisure policy number CA-1059900-0098 was sold and delivered by Watson Insurance Agency, Inc., a North Carolina corporation, 245 East Second Avenue, Gastonia, North Carolina, 28051, to Water Ink Technologies, Inc., in the state of North Carolina, who paid all premiums on the policy form its North Carolina office to Watson Insurance Agency, Inc.
 14. The company car provided by Water Ink Technologies, Inc. to David Carr referenced above was 1 of 26 vehicles specifically identified on the Amerisure insurance policy previously identified as Exhibit 1.
 15. None of the plaintiffs are parties to Amerisure policy number CA-1059900-0098.
 16. Michigan Mutual is a Michigan corporation, with its principal place of business in Farmington Hills, Michigan.
 17. Michigan Mutual policy number CU-0240624 was issued by Michigan Mutual from its office located at 301 South McCullough Drive, P.O. Box 560769, Charlotte, North Carolina 28256-0769, to Water Ink Technologies, Inc., P.O. Box 340, Iron Station, North Carolina 28080, with an issuance date of March 1, 1998, and was in effect through March 1, 1999. A true and accurate copy of this insurance policy is attached to the answer of defendant Michigan Mutual as Exhibit 2.
 18. The insurance agent of Michigan Mutual who sold Michigan Mutual policy number CU-0240624 to Water Ink Technologies, Inc. was and is located in North Carolina.
 19. Michigan Mutual policy number CU-0240624 was sold and delivered by Watson Insurance Agency, Inc., a North Carolina corporation, 245 East Second Avenue, Gastonia, North Carolina, 28051, to Water Ink Technologies, Inc., in the state of North Carolina, who paid all premiums on the policy from its North Carolina office to Watson Insurance Agency, Inc.
 20. None of the plaintiffs are parties to Michigan Mutual policy number CU-0240624.
The trial court denied appellants' motion and granted the motion of appellees. The trial court found that North Carolina law should apply to determine appellants' right to recover UM/UIM motorist coverage under the policies and concluded that appellants' claim was precluded by North Carolina Law. Appellants appeal, raising a single assignment of error:
 THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS MICHIGAN MUTUAL a.k.a. AMERISURE.
An appellate court conducts a de novo review of a decision to grant summary judgment. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440,445. Granting a motion for summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
Appellants first contend that the Amerisure and Michigan Mutual insurance policies should be interpreted under Ohio law, not North Carolina law.
An insurance policy is a contract, and the relationship between the insured and insurer is purely contractual in nature. Nationwide Mut.Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107, 109. Accordingly, the legal basis for recovery under the UM/UIM provisions of an insurance policy lies in contract, not tort, even though it may be tortious conduct that gives rise to the claim. Ohayon v. Safeco Ins. Co. of Illinois (2001),91 Ohio St.3d 474, paragraph one of the syllabus. Issues which involve "the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971)." Id., paragraph two of the syllabus.
Section 187 provides that, subject to very limited exceptions, the law of the state chosen by the parties to a contract will govern their contractual rights and duties. In the present case, neither of the policies in issue contain an effective choice of law by the parties.
Section 188 enumerates factors that courts should consider in the absence of such a choice. Under these choice of law factors, to make a determination with respect to which state's law applies, courts should determine which state has "the most significant relationship to the transaction and the parties." Id. at 477. To assist in this determination, the court should consider "the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id.
In the present case, both the Amerisure automobile liability policy and the Michigan Mutual umbrella policy were issued from the company's North Carolina office. The polices were sold and delivered by a North Carolina insurance agency, to Water Ink Technologies, Inc., a North Carolina Corporation. All of the policy premiums were paid to the North Carolina agency. It can be reasonably inferred from these facts, that the negotiation and performance of the contract occurred in North Carolina.
The location of the subject matter of the contract was also located in North Carolina. The automobile provided to David Carr by Water Ink was one of twenty-six automobiles covered under the Amerisure policy. The vehicles were garaged in seven different states. Of the twenty-six, only three were garaged in Ohio, while nine vehicles, the largest number in any one state, were garaged in North Carolina. Considering the choice of law factors in light of the foregoing facts, we find that North Carolina had the most significant relationship with the parties and the transactions. Accordingly, we are obliged to apply North Carolina law to determine appellants' right of recovery under the insurance policies.
Insurance policies are contracts, which require that the parties' intent be examined in order to properly construe each policy. RelianceIns. Co. v. Lexington Ins. Co. (1987), 87 N.C. App. 428, 434,361 S.E.2d 403, 407. Where there are two policies, they must be construed separately, each according to its individual terms. AllstateInsurance Co. v. Shelby Mutual Insurance Co. (1967), 269 N.C. 341,152 S.E.2d 436. The only evidence of the contracting parties' intent is the policies. Dement v. Nationwide Mutual Ins. Co. (2001),142 N.C. App. 598, 601, 544 S.E.2d 797, 799-800. Thus, North Carolina law requires that insurance policies be construed and enforced within the contract's terms. Id.
Appellants allege that they are entitled to coverage under the insurance policies because they are "insureds" under the insurance contracts. The Amerisure policy's declaration page names "Water Ink Technologies Inc." as the sole insured. The UM/UIM motorist provision of the policy defines an insured as:
1. You.
2. If you are an individual, any "family member."
 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
 Pursuant to the policy's business auto coverage form, the terms "you" and "your" are defined as "the Named Insured shown in the Declaration."
The Michigan Mutual policy defines an "insured" as follows:
1. If you are designated in the Declarations as:
 a) An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
 b) A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
 c) An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
2. Each of the following is also an insured:
 a) Your employees, other than your executive officers, but only for acts within the scope of their employment by you. However, none of these employees is an insured for:
 1) "Bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment unless such coverage is provided by "underlying liability insurance"; or
 2) "Bodily injury" or "personal injury" arising out of his or her providing or failing to provide professional health care services; or
 3) "Property damage" to property owned or occupied by or rented or loaned to that employee, any of your other employees, or any of your partners or members (if you are a partnership or joint venture).
 b) Any person (other than your employee) or any organization while acting as your real estate manager.
 c) Any person or organization having proper temporary custody of your property if you die, but only:
 1) With respect to liability arising out of the maintenance or use of that property; and
 2) Until your legal representative has been appointed.
 d) Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.
Provision of uninsured and underinsured motorist coverage is governed in North Carolina by statute. See N.C.G.S. § 20-279.21. Uninsured motorist coverage is governed primarily by N.C.G.S. §20-279.21(b)(3), supplemented by other provisions of § 20-279.21. Underinsured motorist coverage is governed by N.C.G.S. §20-279.21(b)(4), supplemented by other provisions of § 20-279.21. § 20-279.21(b)(3) addresses uninsured coverage and provides the following definition of "persons insured":
 For purposes of this section "persons insured" means the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above or any other person in lawful possession of such motor vehicle.
N.C.G.S. § 20-279.21(b)(4) addresses underinsured coverage and incorporates by reference the same definition of "persons insured." See N.C.G.S. § 20-279.21(b)(4). Accordingly, N.C.G.S. §20-279.21(b)(3) defines "persons insured" for purposes of both uninsured and underinsured coverage.
N.C.G.S. 20-279.21(b)(3) establishes two classes of persons insured: "(1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle." Smith v. Nationwide Mut.Ins. Co. (1991), 328 N.C. 139, 143, 400 S.E.2d 44, 47. Members of the second class are persons insured for the purposes of uninsured and underinsured motorist coverage "only when the insured vehicle is involved in the insured's injuries." Id., citing Crowder v. N.C.Farm Bureau Mut.Ins. Co. (1986), 79 N.C. App. 551, 554, 340 S.E.2d 127, 130, disc. rev. denied (1986), 316 N.C. 731, 345 S.E.2d 387. Members of the first class are persons insured "even where the insured vehicle is not involved in the insured's injuries." Id.
In the present case appellants allege to be insureds under both the Amerisure and Michigan Mutual insurance policies. However, they are not specifically included within the definition of insureds provided in either policy. Nor do they fall under the statutory definition of persons insured contained in N.C.G.S. § 20-279.21(b)(3).
In North Carolina, employees of a corporation are not considered named insureds when only the corporation is listed as the named insured in an automobile liability insurance policy. Sproles v. Greene (1991),329 N.C. 603, 605, 407 S.E.2d 497, 499-500. Because appellants are not named insureds, or the spouse or relative of a named insured, they belong to the second class of insureds under N.C.G.S. § 20-279.21(b)(3). As class two insureds, employees who are not named insureds on a corporation's liability policy are not entitled to UM/UIM coverage for accidents which occur when they are injured in an accident involving only a third-party vehicle. Id. Accordingly, appellants are likewise not "persons insured" under N.C.G.S. § 20-279.21(b)(3), and therefore have no right to UM/UIM coverage under either the Amerisure or Michigan Mutual insurance policy.
Appellants also contend that UM/UIM coverage should arise as a matter of law, because the Michigan Mutual umbrella policy does not contain a written offer and rejection of uninsured motorist coverage. Appellants contend that a written offer and rejection is a requirement of North Carolina law.
Contrary to appellant's contention, the North Carolina Supreme Court has found no requirement "that an excess liability policy offer separate UM/UIM coverage in addition to what is provided by the underlying policy where there are two separate policies: an underlying, primary policy required by law under the Financial Responsibility Act and an excess liability policy voluntarily purchased by the insured to provide further protection from liability for the insured." Progressive American Ins.Co. v. Vasquez (1999), 350 N.C. 386, 394-395, 515 S.E.2d 8, 13. Rather, where there are separate and distinct excess liability and underlying policies, UM/UIM coverage "is not written into the excess liability policy by operation of law and exists only if it is provided by the contractual terms of the excess policy." Id.
In the present case, there are distinct automobile liability and excess liability insurance policies. The Amerisure commercial auto policy provides the UM/UIM coverage required by North Carolina's Financial Responsibility Act. The Michigan Mutual umbrella policy provides excess liability coverage. This policy makes no reference to providing UM/UIM coverage. Because there is a separate underlying policy which provides UM/UIM coverage, such coverage does not arise as a matter of law. As the terms of the umbrella policy itself do not provide UM/UIM benefits, and North Carolina's Financial Responsibility Act is not applicable to the umbrella policy, appellant's contention is erroneous. The assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.