IN THE MATTER OF THE WILL OF JOHN R. CALHOUN, DECEASED

No. 8012SC184

(Filed 1 July 1980)

Wills § 16– orphanage not taking under will – no standing to file caveat

The trial court properly dismissed a caveat by an orphanage on the ground that caveator had no standing pursuant to G.S. 31-32 to file a caveat, since the orphanage was not entitled to take under the will or codicil of testator, and the orphanage did not have some pecuniary or beneficial interest in the estate that was detrimentally affected by the will.

APPEAL by caveator from *Lane, Judge.* Order entered 21 January 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 June 1980.

On 9 October 1979, the Oxford Orphanage filed a caveat to the probate of the codicil of the will of John R. Calhoun, alleging

undue influence and incapacity to execute the codicil. Propounders of the will filed an answer and motion to dismiss the caveat and the caveator as a party on the grounds that the caveator was not " 'any person entitled under such Will, or interested in the estate' within the meaning of North Carolina General Statute 31-32."

The uncontroverted facts in this case are that: John R. Calhoun died on 3 February 1979; paper writings purporting to be his Last Will and Testament dated 1 June 1978 and a codicil thereto dated 26 January 1979 were admitted to probate; under his will, John Calhoun devised and bequeathed all of his property in fee simple to his wife, Lena G. Calhoun, if she survived him; but, if not, then his estate was devised and bequeathed in fee simple to his sister, Ruby C. Gray, and James Gray, Jr. and wife, Brenda K. Gray. In the purported codicil, John Calhoun changed Article II of his Last Will and Testament which left his entire estate to his wife if she survived him; and in lieu thereof, he devised and bequeathed all of his property in trust to his nephew, James Alexander Gray, Jr., trustee for his wife, Lena G. Calhoun. At her death, the trust was to terminate, and the remaining property was left to Ruby C. Gray, and James Alexander Gray, Jr. and his wife, Brenda Kay Gray, propounders.

Lena Calhoun died on 23 February 1979, shortly after her husband's death. In a purported Last Will and Testament dated 1 June 1978, Lena Calhoun devised and bequeathed all of her property to her husband, John, if he survived her, and if not, then said property was devised and bequeathed to Ruby C. Gray, James A. Gray, Jr., and Brenda Kay Gray. Under a purported Last Will and Testament of Lena G. Calhoun dated 28 April 1975, she devised and bequeathed all of her property to her husband if he survived her, and if not, then said property was devised and bequeathed to a trustee with some income from said trust to be distributed to various churches and the remainder of said income to be distributed to two orphanages, one of which is Oxford Orphanage, caveator herein.

Caveator has also filed a caveat to Lena Calhoun's 1 June 1978 Last Will and Testament, contending that it is not her Last Will and Testament, but that the 28 April 1975 paper writing is.

The trial court entered an order dismissing the caveat, and the caveator appealed.

*A. Maxwell Ruppe, for caveator appellant.*

*Pope, Reid, Lewis & Deese, by Marland C. Reid, for propounder appellees.*

ERWIN, Judge.

The record on appeal presents one issue for our determination: whether the trial court erred in dismissing the caveat of Oxford Orphanage on the ground that it had no standing pursuant to G.S. 31-32. We find no error in the judgment entered and affirm the trial court.

G.S. 31-32 provides in pertinent part:

"§ 31-32. *When and by whom caveat filed.* — At the time of application for probate of any will, and the probate thereof in common form, or at any time within three years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will: Provided, that if any person entitled to file a caveat be within the age of 18 years, or insane, or imprisoned, then such person may file a caveat within three years after the removal of such disability."

The caveator concedes that it is not directly entitled to take under the Last Will and Testament or the codicil to the will of John R. Calhoun, but is one of the potential ultimate beneficiaries under the 1975 Last Will and Testament of Lena Calhoun, wife of John Calhoun. The only way that caveator can be successful and receive any benefits from the estate of Lena Calhoun, the following must occur: (1) A court and jury must find that the 26 January 1979 codicil to the Last Will and Testament of John Calhoun is in fact not a codicil to the said Last Will and Testament. (2) Lena Calhoun actually took the estate of her husband in fee simple by reason of his Last Will and Testament dated 1 June 1978, which would only occur if the codicil was

In re Calhoun

found to be invalid. (3) A court and jury must find that the 1 June 1978 Last Will and Testament was in fact not Lena Calhoun's Last Will and Testament. (4) The Last Will and Testament of Lena Calhoun dated 28 April 1975 was in fact her Last Will and Testament. If all of these issues were found in the caveator's favor, it would take under Mrs. Calhoun's 1975 Last Will and Testament.

Our research reveals that a case similar in facts to the one before us has not been decided by our Supreme Court. Caveator calls our attention to *In re Will of Belvin,* 261 N.C. 275, 276, 134 S.E. 2d 225 (1964), wherein our Supreme Court held:

> "Appellees maintain this language excludes all who would benefit by a prior testamentary disposition unless they were (1) heirs of the deceased, or (2) named as beneficiaries in the writing they seek to nullify. The court accepted appellees' interpretation of the statute. This, we think, unduly restricts the phrase 'interested in the estate.' If caveators can establish their allegations of undue influence and lack of mental capacity, the writing which has been probated in common form is not the will of deceased, but proof of that fact alone does not establish their right to take a part of the estate. To establish their interest in the estate they allege they are beneficiaries under the will of deceased made at a time when he possessed mental capacity. If the facts be as caveators allege, they are interested in the estate of Lee D. Belvin." (Citations omitted.)

This Court held in *In re Ashley,* 23 N.C. App. 176, 208 S.E. 2d 398, *cert. denied,* 286 N.C. 335, 210 S.E. 2d 56 (1974), that under G.S. 31-32 which permits the contest of wills by persons interested or claiming to be interested in decedent's estate, the general rule is that a contestant must have some pecuniary or beneficial interest in the estate that is detrimentally affected by the will. Applying this rule, we must conclude that caveator does not come within the meaning of G.S. 31-32 as a person who has standing to caveat Mr. Calhoun's will. Caveator is not the purchaser and holder of land from the testator as was the case in *In re Thompson,* 178 N.C. 540, 101 S.E. 107 (1919). The caveator is a stranger to Mr. Calhoun's estate without any interest therein

as contemplated by G.S. 31-32.

The judgment is affirmed.

Affirmed.

Judges ARNOLD and HILL concur.