An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1254

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

ESTATE OF ILA T. SCURLOCK,
     Plaintiff

v.

Durham County
No. 12 CVS 5773

WELLS FARGO HOME MORTGAGE, INC. and
SHAPIRO & INGLE, LLP,
     Defendants


Appeal by plaintiff from order entered 26 April 2013 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 19 March 2014.


*Russell, Goetcheus, & Associates, by Kathie Russell and Jennifer Probasco, for Plaintiff.*

*Womble Carlyle Sandridge & Rice, LLP, by Kenneth B. Oettinger and Amanda G. Ray, for Wells Fargo Bank, N.A.*

*Shapiro & Ingle, LLP, by Jason K. Purser, for Sharpiro & Ingle (no brief).*


ERVIN, Judge.


Plaintiff Estate of Ila T. Scurlock appeals from an order dismissing its complaint, in which the estate asserted numerous claims arising from the alleged failure of Defendant Wells Fargo Home Mortgage, Inc., to honor a loan modification alleged to

have been previously in effect and Defendant's alleged refusal to respond to Plaintiff's request for an additional loan modification. On appeal, Plaintiff contends that the trial court erred by dismissing its complaint on the grounds that its complaint properly asserted a request for equitable and other relief based upon "negligence, negligent misrepresentation, breach of contract, violations of N.C. Gen. Stat. § 25-3-204 and § 45-21.16(d)(i), breach of [the] implied covenant of good faith and fair dealing and violations of the North Carolina Secure and Fair Enforcement Mortgage Licensing Act, as well as violations of N.C. Gen. Stat. § 75 et seq." After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

### A. Substantive Facts

In 1998, Ila T. Scurlock executed a promissory note and deed of trust in favor of Accredited Home Lenders, Inc., for the purpose of securing a $61,530 loan used to purchase a home situated at 2406 Shirley Street in Durham. Ms. Scurlock's note was subsequently assigned to TMS Mortgage, Inc., and then to Home Eq Loan Servicing.

Ms. Scurlock died on 30 March 2005. She was survived by two daughters, Deborah and Mabel Scurlock. In her will, Ms. Scurlock named Nikki S. Scurlock, Deborah Scurlock's daughter and Ms. Scurlock's granddaughter, as her executor with the power to, among other things, "pay [her] legally enforceable debts . . . except for debt . . . secured by real . . . property which [was] to be assumed by the recipient of such property." Ms. Scurlock devised the residue of her estate, which included "all of [her] property and assets not specifically bequeathed or otherwise required for the payment of any debts owed" and "all [her] personal belongings," to Deborah Scurlock[1].

Nikki Scurlock filed an application for the issuance of letters testamentary and the admission of Ms. Scurlock's will to probate on 6 April 2005. According to this application, Ms. Scurlock owned real property having a value of $77,677 as of the date of her death. On the same date, the Clerk of Superior Court issued letters testamentary to Nikki Scurlock and admitted Ms. Scurlock's will to probate.

After Ms. Scurlock's death, Home Eq allowed Plaintiff to make payments on the obligation evidenced by the promissory note

---

[1]As a result of the fact that Ms. Scurlock made no specific bequests in her will, all of her property, including the real property at issue in this case, passed to Deborah Scurlock under the residuary clause quoted in the text.

associated with the deed of trust that was applicable to the Shirley Street property. In May 2010, Plaintiff reached an agreement with Home Eq to add approximately $5,000 to the principal balance of the loan and reduce the required monthly payments by eliminating tax and insurance escrow payments. As a result, Plaintiff made the payments required under the note and deed of trust in the reduced amount specified in this agreement.

In August of 2010, Home Eq transferred the note to Defendant,[2] which "reneged" on the prior agreements between Plaintiff and Home Eq. Instead, Defendant offered to enter into a "temporary forbearance agreement" with Plaintiff that did not reflect the reduced monthly payments established in the May 2010 agreement. In addition, Defendant failed to respond to Plaintiff's written requests for a loan modification.

At some point that is not clearly revealed in the record, Defendant initiated foreclosure proceedings applicable to the Shirley Street property. On 26 October 2011, the Clerk of Superior Court of Durham County entered an order authorizing the sale of the Shirley Street property. In its order, the Clerk found as fact that (1) notice had been properly served upon all parties entitled to receive it; (2) Defendant was the holder of the note, which represented a valid debt; (3) the debtor was in

---

[2]As the result of a subsequent merger, Wells Fargo Bank, N.A., succeeded to the rights of Wells Fargo Home Mortgage, Inc.

default; and (4) the deed of trust contained a power of sale. No appeal was taken from the order authorizing the foreclosure sale.

On 3 January 2012, Deborah Scurlock filed a bankruptcy petition in which she listed the note associated with the Shirley Street property as one of her debts and acknowledged that she was in default under this note. A motion filed by the bankruptcy trustee seeking the dismissal of Deborah Scurlock's bankruptcy petition on 14 August 2012 was granted on 19 October 2012. Prior to the entry of this dismissal order, Nikki Scurlock successfully petitioned to have Ms. Scurlock's estate reopened for the purpose of "resolving the mortgage and deed," with letters testamentary reflective of that decision having been issued on 8 November 2012.[3] After Deborah Scurlock's bankruptcy petition was dismissed, the foreclosure sale was rescheduled for 26 November 2012.

## B. Procedural History

---

[3]A final accounting of the estate, which reflected a zero balance, was filed on the same date. The record does not clearly reflect the date upon which Ms. Scurlock's estate was originally closed or the nature of the proceedings that took place on that occasion.

On 26 November 2012, Plaintiff filed a complaint against Defendant and Defendant Shapiro & Ingle, LLP,[4] asserting claims sounding in negligence, negligent misrepresentation, breach of contract, violations of N.C. Gen. Stat. §§ 25-3-204 and 45-21.16(d)(i), breach of an implied covenant of good faith and fair dealing, violations of the North Carolina Secure and Fair Enforcement Mortgage Licensing Act, and violations of N.C. Gen. Stat. § 75 et seq.; alleging that Defendant was precluded from foreclosing upon the Shirley Street property in light of its decision to participate in the Home Affordable Modification Program; and seeking compensatory and punitive damages, attorneys' fees, and costs. On that same day, Plaintiff filed a motion seeking to obtain the issuance of an injunction precluding the conducting of the scheduled foreclosure sale.[5]

On 22 January 2013, Shapiro & Ingle filed a responsive pleading in which it denied the material allegations contained in the complaint, asserted various affirmative defenses, and sought dismissal of Plaintiff's complaint on a number of grounds. On 8 February 2013, Defendant filed a separate

---

[4]Although Plaintiff asserted that Defendant Shapiro & Ingle served as substitute trustee under the deed of trust applicable to the Shirley Street property, Defendant Shapiro & Ingle denied that it was serving as substitute trustee at the time that the foreclosure proceeding was commenced.

[5]On 18 February 2013, Defendant consented to the entry of a temporary restraining order precluding the conducting of the foreclosure sale.

dismissal motion in which it asserted, among other things, that Plaintiff lacked standing to maintain the present action, that Plaintiff had failed to join a necessary party, that Plaintiff's claims were barred by *res judicata* considerations, that Defendant did not owe any duty to Plaintiff to modify the loan, and that no private right of action was available under the Home Affordable Modification Program. After holding a hearing on 11 April 2013 for the purpose of considering all pending motions, the trial court entered an order dismissing Plaintiff's complaint on 26 April 2013 for failure to state a claim upon which relief could be granted. Plaintiff noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

Although Plaintiff has advanced a number of challenges to the trial court's order in its brief, we need not address those arguments in detail given our determination that Plaintiff lacked standing to initiate the present proceeding. As a result, we conclude that the trial court did not err by dismissing Plaintiff's complaint.

In order to establish that it has standing to bring a legal action, a party must show:

> (1) 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

> hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Neuse River Found. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 52 (2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351, 364 (1992)), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 628 (2003). "Standing most often turns on whether the party has alleged 'injury in fact' in light of the applicable statutes or caselaw." *Id.* As a result of the fact that the existence of standing is necessary in order for the judicial system to have jurisdiction over a particular action, *Munger v. State*, 202 N.C. App. 404, 409, 689 S.E.2d 230, 235 (2010), *disc. review improvidently granted*, 365 N.C. 3, 705 S.E.2d 734 (2011), the fact that this Court is required to determine the extent to which subject matter jurisdiction exists regardless of the extent to which that issue was discussed in the court below or addressed in the parties' briefs, *Whittaker v. Furniture Factory Outlet Shops*, 145 N.C. App. 169, 172, 550 S.E.2d 822, 824 (2001), and the fact that "matters outside the pleadings . . . may be considered and weighed in determining the existence of jurisdiction over the subject matter," *Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E.2d 736, 737 (1987) (citation omitted), we

are required to evaluate the extent to which Plaintiff has standing to maintain this action regardless of the extent to which the parties discussed this issue in their brief based upon an examination of all relevant information. In the course of making this determination, "we view the allegations as true and the supporting record in the light most favorable to the non-moving party." *Mangum v. Raleigh Bd. of Adjustment*, 362 N.C. 640, 644, 660 S.E.2d 279, 283 (2008). After conducting the required analysis, we conclude, given that all of Plaintiff's claims are predicated on the assumption that it had a legally protected interest in the property and would suffer a legally recognized injury in the event that the foreclosure proceeded[6] and given the complete absence of any record or legal support for either of those propositions, Plaintiff lacked standing to maintain the present action.

Pursuant to N.C. Gen. Stat. § 28A-15-2(b), "the title to real property of a decedent devised under a valid probated will becomes vested in the devisees and shall relate back to the decedent's death." As a result of the fact that Nikki Scurlock sought and obtained the entry of an order admitting Ms.

---

[6]For example, the first claim alleged in Plaintiff's complaint asserts that Defendant "owed Plaintiff a duty of due care while servicing Plaintiff's loan." Similarly, Plaintiff alleged in its complaint that Defendant's actions caused "damage to Plaintiffs by, among other things, causing Plaintiffs to lose title to her home and her interest in its equity."

Scurlock's will to probate on 6 April 2005, title to the Shirley Street property vested in Deborah Scurlock on that date, with her title relating back to the date of Ms. Scurlock's death. Although the Shirley Street property was potentially "available for the discharge of debts and other claims against [Ms. Scurlock's] estate," N.C. Gen. Stat. § 28A-15-1(a), Plaintiff never sought to have the property returned to the estate for that purpose. As a result, the real property that was the subject of this action was never owned by or otherwise contained in Ms. Scurlock's estate.

In addition, we note that, although Plaintiff was statutorily authorized to pay any debts owed by Ms. Scurlock at the time of her death, N.C. Gen. Stat. § 28A-13-3(a)(29) (authorizing the personal representative to "[p]ay or satisfy the debts and claims against the decedent's estate" in the order and manner provided by law), the personal representative's authority in this respect is specifically subject to any "express limitations imposed in a will of the decedent." N.C. Gen. Stat. § 28A-13-3(a). As we have already noted, Ms. Scurlock's will authorized the estate to "pay [her] legally enforceable debts . . . except for . . . debt secured by real and/or personal property[,] which [was] to be assumed by the

recipient of such property."[7]  Thus, Ms. Scurlock's will specifically provided that her estate was not to assume responsibility for any obligation arising from or relating to her ownership of real property, with any such obligations to be assumed instead by the individual to whom the property had been devised.

In light of the fact that the relevant tract of property was never owned by Ms. Scurlock's estate and the fact that Ms. Scurlock's will required the recipient of any real property transferred under that instrument to assume responsibility for any related debts, we are unable to understand how Plaintiff was in any way injured by Defendant's failure to honor agreements that it had allegedly entered into with Defendant's predecessors or to respond to Plaintiff's request for an additional modification of the note and deed of trust applicable to the Shirley Street property.  Based upon the same logic, we are unable to see how Plaintiff had the authority to negotiate any sort of loan modification relating to the Shirley Street property with Defendant or its predecessors that would be in any way binding upon Defendant.  As a result, given the absence of

---

[7]Although the parties appear to have assumed at the hearing held before the trial court that title to the property was transferred to Deborah Scurlock while the necessity to pay the obligation reflected in the note and deed of trust remained with Plaintiff, that assumption is inconsistent with the provisions of Ms. Scurlock's will.

any showing that the estate had any authority to act on Deborah Scurlock's behalf and the absence of any indication that the estate, as compared to Deborah Scurlock, suffered any injury as a result of Defendant's conduct, Plaintiff is simply not entitled to maintain any claim against Defendant stemming from Defendant's alleged refusal to honor prior agreements between Plaintiff and Defendant's predecessors and Defendant's alleged refusal to respond to Plaintiff's request for an additional loan modification. As a result, since the record clearly establishes that Plaintiff lacked standing to assert the claims set out in the complaint against Defendant, we necessarily conclude that the trial court did not err by dismissing Plaintiff's complaint.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff lacked standing to initiate and maintain the present action. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).